IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**JEFF VERNON,**

      **Plaintiff,**

vs.                                                       No.: 2:20-cv-2949-JTF-cgc

**AMAZON LOGISTICS INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05[1], is the instant case. This matter was initiated by the Plaintiff, Jeff Vernon, on December 29, 2020 against the Defendant, Amazon Logistics Inc. (D.E. # 1). On that same date, Plaintiff paid the $402 filing fee. (D.E. # 2) A notice regarding summonses and blank summonses were mailed to Plaintiff on December 30, 2020. Because completed summonses had not been returned to the Clerk of Court for issuance and proof of service had not been made to the court, an order to show cause was entered on May 4, 2022 requiring Plaintiff to show cause why service had not been made within ninety days after the complaint was filed. (D.E. # 7) Plaintiff responded on July 25, 2022 that he sent the summons to Defendants by certified mail. (D.E. # 8) On August 1, 2022, Plaintiff was given two copies of each issued summons to effect service. (D.E. # 9)

On November 2, 2022, Defendants filed their Motion to Dismiss for failure to state a claim arguing that Plaintiff failed to file suit within 90 days of receipt of the Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"), thus rendering his complaint time-

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

barred. Defendants also argue that Plaintiff failed to effect service within ninety (90) days after the Complaint was filed and has not shown good cause for the failure to effect proper service.

Because Plaintiff did not file a response to the Motion to Dismiss, the undersigned entered an Order to Show Cause why a Report and Recommendation should not be entered recommending that the Motion to Dismiss be granted on December 9, 2022. (D.E. # 16) Plaintiff responded on December 22, 2022 with an email to the court stating that the Right to Sue letter was received "in the first week of October" and that the Complaint was filed in December 2020. (D.E. # 17) At a Scheduling Conference with U.S. District Judge John T. Fowlkes on February 1, 2023, Plaintiff was given an extension to February 8, 2023 to file an amended response to the Motion to Dismiss. (D.E. # 22) Plaintiff's Amended Response alleges that Defendants' claim that Plaintiff received the Right to Sue letter on September 29, 2020 is inaccurate and that he received the letter on October 3, 2020, thus making his complaint timely. Plaintiff further argues that he did serve the Defendants. (D.E. # 28)

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint may be dismissed if the Court finds that there was insufficient service of process. Fed. R. Civ. P. (12)(b)(5). Rule 4(c) states, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Because Plaintiff paid the case initiation fee, he was responsible for ensuring that service is completed consistent with Rule 4. *See*, docket entries 2 and 9. Rule 4(l)(1) requires that proof of service be made by the server's affidavit. Service of the summons and complaint may only be made by a person over the age of 18 and not a party to the case. Fed. R. Civ. P. 4(c)(2) The docket does not reflect that Plaintiff has provided proof of service on Defendants to the court.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Plaintiff has had 263 days to obtain service of the complaint and summons on the defendant since he received the summonses on August 10, 2022.

Absent a showing of good cause to justify a failure of timely service, Fed.R.Civ.P. 4(j) compels dismissal. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994), citing *Moncrief v. Stone,* 961 F.2d 595, 596 (6th Cir.1992); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991); *United States v. Gluklick,* 801 F.2d 834, 837 (6th Cir.1986).  Plaintiff bears the burden to establish good cause.  Fed.R.Civ.P. 4(j); *Friedman v. Estate of Presser,* 929 F.2d at 1157.  Good cause necessitates a demonstration of why service was not made within the time constraints of Fed.R.Civ.P. 4(j). *Moncrief v. Stone,* 961 F.2d at 597, *quoting, Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985).  Plaintiff has been afforded an opportunity show cause why service was not made within the time required by the rules and he has not made that showing in any of his filings. Therefore, it is RECOMMENDED that plaintiff's complaint be dismissed without prejudice for failure to obtain timely service.

Federal Rule of Civil Procedure 12(b)(6) allows the dismissal of a complaint for failure to state a claim for which relief may be granted.  In this case, Defendants contend that Plaintiff's complaint was not timely filed and therefore is time barred.  Plaintiff responds that Defendants are incorrect with regard to the date that he received the Notice of Right to Sue.  As an exhibit to his Complaint, Plaintiff provided the Notice of Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC") in reference to EEOC Charge Number 490-2019-03306.  (D.E. #1-1, PageID 7).  The Notice of Right to Sue advised as follows: "Your lawsuit under . . . the ADA . . .

**must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.*)

While Plaintiff states in his Amended Response to the Motion to Dismiss that he received the Notice of Right to Sue on October 3, 2020, his complaint indicates that he received the Notice on September 29, 2020. (D.E. # 1, PageID 5) A Rule 12(b)(6) motion is a challenge to the fact of the Complaint itself. As Plaintiff has not amended the Complaint (or sought to do so), the Court must rely upon the date that Plaintiff pled that he received the Notice of Right to Sue. The complaint was filed on December 29, 2020, ninety-one (91) days after receipt of the Notice. As such, Plaintiff filed the Complaint in this case more than ninety days after his receipt of the Notice of Right to Sue. Thus, it is alternatively RECOMMENDED that Plaintiff's *pro se* Complaint was not timely filed and the Complaint should be dismissed with prejudice.

Signed this 8th day of May, 2023.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. §636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**