IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEFF VERNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-02949-JTF-cgc |
| ) | |
| AMAZON LOGISTICS, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant Amazon Logistics Inc.'s Motion to Dismiss ("R & R"), submitted May 8, 2023. (ECF No. 31.) Amazon filed the underlying Motion to Dismiss on November 2, 2022. (ECF No. 12.) Pursuant to Administrative Order 2013-05, the Motion was automatically referred to the Magistrate Judge for initial Report and Recommendation. After multiple extensions of time and Orders to Show Cause, Plaintiff Jeff Vernon responded to the Motion by email on December 22, 2022, (ECF No. 17), and with a formal filing on February 8, 2023, (ECF No. 27). After the Magistrate Judge's submission of the R & R, the parties had fourteen days to file objections. No objections were filed. For the following reasons, the R & R is **ADOPTED**, and the Motion to Dismiss is **GRANTED**.

        I.        STANDARD OF REVIEW

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*,

237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. *See* 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). A failure to file specific objections to a Magistrate Judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The standard of review that is applied by a district court when considering a magistrate judge's proposed findings and recommendations depends on the nature of the matter(s) considered by the magistrate judge. *See Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non-dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Where timely, specific objections are filed, the parts objected to are reviewed under a *de novo* standard. *Rugiero v. United States*, 330 F. Supp. 2d 900, 904 (E.D. Mich. 2004). Upon a review of the evidence, the district court may accept, reject, or modify the proposed

findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). Again, a district judge should adopt the findings and rulings of the magistrate judge to which no specific objection under Fed. R. Civ. P. 72(b) is filed. *Brown*, 47 F. Supp. 3d at 674. An objection to a magistrate judge's report and recommendation that does nothing more than state a disagreement with the magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection, as required to preserve the right to appeal a subsequent order of the district court adopting the report. *J.A. v. Smith County School District*, 364 F. Supp. 3d 803, 811–12 (M.D. Tenn. 2019).

## II.   PROCEDURAL HISTORY

As this is a dispositive motion, the R & R will be reviewed *de novo*. The underlying facts of the case are not relevant, as the motion rests solely on procedural grounds. The Magistrate Judge's findings as to the case's procedural history will be summarized below.

Vernon filed his *pro se* complaint against Amazon on December 29, 2020. (ECF No. 1.) The Magistrate Judge noted that in his complaint, Vernon states he received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission on September 29, 2020. (ECF No. 31, 4.) The docket also reflects that Vernon paid the filing fee for his case, meaning that he was required to perfect service upon the Defendant. (ECF No. 2.) Vernon received summons from the Court on August 10, 2022. (ECF No. 9.) The docket does not reflect that the summons was returned executed.

## III.   LEGAL ANALYSIS

Amazon's Motion to Dismiss made two arguments for why the case should be dismissed. First, Amazon argued that Vernon's complaint was untimely filed, since his complaint was filed ninety-one days after the complaint states he received notice of his right to sue. In his response, Vernon stated he received notice on October 3, 2020, instead of September 29, 2020, as alleged in the complaint. (ECF No. 27.) Second, Amazon argued they had never been properly served and that the deadline to do so has now passed. Vernon received summons on August 10, 2022, and no evidence of those summons being returned executed has been provided to the Court.

The Magistrate Judge agreed with Amazon on both arguments. First, she noted that "absent a showing of good cause to justify a failure of timely service, Fed. R. Civ. P. 4(j) compels dismissal." (ECF No. 31, 3) (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). She stated that "Plaintiff has been afforded an opportunity [to] show cause why service was not made within the time required by the rules and he has not made that showing in any of his filings." (*Id.*) Vernon stated in his response that "the defendant's assertion that they were never served is simply preposterous and also inaccurate." (ECF No. 27.) He asserts that certification was sent to both addresses provided by the defendants. (*Id.*) However, there is no submission of executed summons on the docket.

The Court agrees with the Magistrate Judge and hereby **ADOPTS** her findings. Vernon has not submitted any proof that the defendant was ever properly served. At this point, it has been 285 days since Vernon was provided the summons. Federal Rule of Civil Procedure 4 requires service within 90 days of the complaint's filing. Vernon's only argument in response is to contend that Amazon has already been adequately served, but no evidence supports this claim. As the Magistrate Judge found, dismissal is compelled under these circumstances.

Second, the Magistrate Judge found Vernon's complaint was untimely filed in the first instance. According to the complaint, Vernon received notice of his right to sue on September 29, 2020, and then filed his complaint ninety-one days later on December 29, 2020. (ECF No. 1.) The Magistrate Judge noted that the Notice of Right to Sue states any lawsuit in connection with the underlying EEOC charge must be filed within ninety days of receipt of the Notice. (ECF No. 31, 4.) The Sixth Circuit has been clear that "even one day's delay is fatal to a claim." *Williams v. Sears, Roebuck and Co.*, 143 F.Supp.2d 941, 945 (W.D. Tenn. 2001); *see also Peete v. Am. Standard Graphic*, 885 F.2d 331, 332 (6th Cir. 1989). The Magistrate Judge acknowledged that Vernon's response alleges he received notice on October 3, 2020, but found that the date contained in the Complaint must be used, because a Motion to Dismiss is a challenge to the Complaint itself. (ECF No. 31.)

The Court agrees with the Magistrate Judge and hereby **ADOPTS** this finding. In a Motion to Dismiss, the Court must accept "all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017). The Notice date pled in the complaint is September 29, 2020. Vernon's response is not a filing and he has not moved to amend his complaint. The facts in the complaint demonstrate that Vernon's case is untimely filed. Vernon has also not advanced an argument for equitable tolling or any other excuse for the untimeliness. His complaint must be dismissed.

### IV.    CONCLUSION

Upon review of the Court, and finding no clear error, the Magistrate Judge's recommendations are hereby **ADOPTED**. Vernon's complaint is dismissed due to its untimeliness and his failure to effect service of process.

**IT IS SO ORDERED** this 31st day of May, 2023.

                                             ***s/John T. Fowlkes, Jr.***
                                             JOHN T. FOWLKES, JR.
                                             United States District Judge